PEOPLE v. MAY; PEOPLE v. COPEMAN.  Appeals from Genesee, Anthony Mansour, J.  Submitted Division 2 October 7, 1971, at at Lansing.  (Docket Nos. 8286, 9722.)  Decided October 28, 1971.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*George R. Darrah,* for defendant May on appeal.

*Shaker Brackett,* for defendant Copeman on appeal.

Before: QUINN, P. J., and DANHOF and TARGONSKI, JJ.

PER CURIAM.  These codefendants were tried together before a jury and were convicted of breaking and entering with intent to commit a larceny.  They were sentenced.  About a year thereafter, the only witness who identified defendants and involved them in the crime recanted by letter to the trial judge and by affidavit, asserting the falsity of his trial testimony.

Each defendant moved for a new trial on the basis of this affidavit.  At the hearing on each motion, the trial judge required the production of the recanting witness for examination.  After hearing this witness in each case, the trial judge stated his reasons for disbelieving the recanting affidavit and denied the motions for

new trial.   The record discloses evidence to support the reasons of the trial judge and we are not persuaded that he abused his discretion, *People* v. *Krogol* (1971), 29 Mich App 406, 414, 415.

The remaining issues raised on appeal either lack merit or were not saved for review, nor does the record disclose a miscarriage of justice.

Affirmed.